## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JERLYN GLOBAL, LLC,

       Plaintiff,

                               Case No. 3:22-cv-890-MMH-LLL

v.

ALAN J. LOCKLEY,

       Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Alan J. Lockley's Notice of Removal of Action Pursuant to 28 U.S.C. 1441(B) (Federal Question) (Doc. 1; Notice). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a

given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Lockley seeks to invoke the Court's federal question jurisdiction.[1] <u>See</u> Notice at 2.

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." <u>Adventure Outdoors</u>, 552 F.3d at 1295; <u>see also</u> <u>Kemp v. Int'l Bus. Mach. Corp.</u>, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet his burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." <u>Adventure Outdoors</u>, 552 F.3d at 1294-95; <u>see also</u> <u>Ehlen Floor Covering</u>, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." <u>Adventure Outdoors</u>, 552 F.3d at 1294. Moreover, a district court "may remand a case <u>sua</u> <u>sponte</u> for lack of subject matter jurisdiction at any

---

[1] Lockley does not assert, nor does it appear, that the Court has diversity jurisdiction over this action. Among other problems, the amount in controversy falls far short of the $75,000 jurisdictional threshold. <u>See</u> Complaint ¶ 4, Ex. B; 28 U.S.C. § 1332(a).

time." <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Plaintiff Jerlyn Global, LLC initiated this case on July 26, 2022, by filing a complaint for eviction in the County Court of the Fourth Judicial Circuit, in and for Duval County, Florida.  <u>See</u> Complaint (Doc. 3).  Lockley removed the eviction action to this Court on August 15, 2022.  <u>See generally</u> Notice.  In the Notice, Lockley asserts that this Court has federal question jurisdiction over this action because the Complaint alleges claims arising under various federal laws, including the "Consumer Credit Protection Act" and the "Real Estate Settlement Act," among others.  <u>See</u> Notice at 2.  However, upon review, the Court finds that the only cause of action Plaintiff asserts in the Complaint is a single claim of eviction under state law.  <u>See generally</u> Complaint.  A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005); <u>see also</u> <u>Adventure Outdoors</u>, 552F. 3d at 1295 (recognizing "that '<u>Grable</u> exemplifies' a 'slim category' of cases.") (citation omitted).  On the face of the Complaint, however, Plaintiff does not raise a "substantial" federal question, as it simply seeks to evict a tenant from an identified piece of real property in Duval County, Florida.  <u>See generally</u>

Complaint.  Thus, contrary to the allegations in the Notice, the claim set forth in the Complaint does not present a federal question or arise under a specific statutory grant.[2]  Because no basis for federal subject matter jurisdiction exists on the face of the Complaint, the Court determines that it lacks jurisdiction over this action and removal is improper.  Accordingly, it is

**ORDERED**:

1.    The Clerk of the Court is **DIRECTED** to remand this case to the County Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2.    The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on August 17, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] Even if Lockley intends to assert a defense or counterclaim based on the federal statutes identified in the Notice, his reliance on these statutes would not provide a basis for federal subject matter jurisdiction.  See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-or-counterclaim rule.'") (emphasis in original); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction.").

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk of Court
      Fourth Judicial Circuit, in and for
      Duval County Florida